IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY D. TURNER,

        Plaintiff,

v.                                                 Case No. 2:16-cv-02697-JTM

THEODORE J. LICKTEIG,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Barry Turner filed this action against the attorney that represented him in an unsuccessful suit claiming discrimination under the Americans with Disabilities Act (ADA). The underlying suit claimed that plaintiff should have been granted accommodations related to his dyslexia when he took the Kansas State Board of Nursing's licensing exam, the NCLEX-RN. Judge Vratil granted motions to dismiss the case. *See Turner v. Nat'l. Council of State Boards. of Nursing, Inc., et al.*, No. 11-cv-2059-KHV (D. Kan.). Plaintiff claims that the attorney, defendant Theodore Lickteig, is liable for legal malpractice, breach of contract, and negligent misrepresentation in connection with his representation in the suit. The matter is now before the court on Lickteig's motion for judgment on the pleadings. Dkt. 15. For the reasons stated herein, Lickteig's motion is granted in part and denied in part.

**I. Summary of Complaint.**

Plaintiff has had dyslexia since early childhood. The condition affects his ability to read and his reading rate. Throughout his academic career plaintiff has requested

and received accommodations when taking exams, including receiving extra time, having private exam rooms, and having a proctor read test questions when necessary. In January of 2007, plaintiff received a bachelor's degree in nursing from Bethel College in Newton, Kansas, earning a 3.5 grade point average (an A average).

After graduating, plaintiff sought to obtain his national nursing license. The only way to do so is by taking the NCLEX-RN Computerized Adaptive Test (CAT), which was developed by the National Council for State Boards of Nursing, Inc. (NCSBN), and which is distributed by the Kansas State Board of Nursing (KSBN) to test candidates for national licensure in Kansas. The KSBN controls the issuance of nursing licenses in Kansas and requires passage of the NCLEX-RN for a license.

In 2007, plaintiff applied in Nebraska to take the NCLEX-RN and requested accommodations from the Nebraska board due to his dyslexia and test-taking anxiety. The request was denied. Plaintiff took the NCLEX-RN three times in Nebraska in 2007 without accommodation and failed each time.

As an adaptive test, the NCLEX-RN changes the type and number of questions presented depending upon a candidate's initial answers. It is designed to require the test-taker to answer between 75 and 265 questions. According to the complaint, "[c]andidates that do poorly on the initial ten questions can fail the entire examination because of the test's dependence on the candidate's initial responses." Plaintiff alleges that the CAT exam poses significant hurdles for persons with dyslexia, because "[w]ith test anxiety being higher at the beginning of a test, it is more likely that a dyslexic will provide a greater percentage of incorrect answers in the early stages of the exam.

Because of this, the dyslexic test-taker is not able to obtain a passing score because he/she is not given a sufficient number of questions later in the exam to recover from earlier incorrect answers."

In April 2008, plaintiff contacted the KSBN and spoke with Gary Taylor about accommodations for his disability. Taylor allegedly promised to provide the requested accommodations if plaintiff submitted certain materials and he told plaintiff to request the accommodations on the test application form. Taylor allegedly said he would contact plaintiff when he needed the materials. Plaintiff alleges that although federal law requires the forms to contain a place to request accommodations, the form he filled out in November 2008 (to take the exam in May 2009) had no such space or information. When plaintiff contacted Taylor in February 2009, Taylor said that if plaintiff passed the test with the requested accommodations, his license would be restricted. In March 2009, plaintiff contacted the KSBN and was told that Taylor no longer worked there. According to the complaint, the KSBN said no accommodations could be provided and no alternative format existed for candidates with disabilities.

Plaintiff took the NCLEX-RN in May 2009 but failed the exam because his computer prematurely shut down at question 57. This occurred even though each exam is designed to require a test-taker to answer at least 75 questions regardless of performance. Plaintiff alleges that when the KSBN reported his test results, it inaccurately reported he had answered 84 questions. Plaintiff contacted the KSBN and the NCSBN but was told there was no point in appealing because no test result had ever been changed.

Plaintiff alleges that academic research has revealed significant flaws with the CAT format "that relate to those who suffer from test-taking anxiety." In October 2009 plaintiff was diagnosed with test anxiety due to his dyslexia and a neuropsychologist opined that he needed an alternative testing format because his condition prevented him from being able to negotiate the CAT format.

<u>Prior lawsuit</u>. In 2010, plaintiff retained defendant Lickteig to file a complaint with the KSBN and NCSBN about the discriminatory practices and effects surrounding the NCLEX-RN. On January 31, 2011, Lickteig filed suit on plaintiff's behalf against the NCSBN, the KSBN, and several individuals employed by the KSBN, in *Turner v. Natl. Council of State Boards of Nursing, Inc.*, No. 11-cv-2059-KHV. Lickteig asserted seven ADA claims on plaintiff's behalf against the KSBN and its employees (referred to as the State of Kansas defendants) in their official and individual capacities. The complaint sought damages of more than $75,000 and unspecified declaratory and injunctive relief. The claims included: failure to provide a location on the test application to request accommodations (Count I); denying reasonable accommodations to a disabled person (Counts II and III); threatening a license restriction if plaintiff sought accommodations (Counts IV and V); failure to provide an appeal procedure for test-takers (Count VI); and failure to provide an alternative test format (Count VII). Plaintiff asserted claims against the NCSBN only in Counts VI and VII and only sought declaratory and injunctive relief on those counts. Lickteig filed an amended complaint adding two KSBN employees, including Taylor, on September 2, 2011. *See* Case No. 11-cv-2059-KHV, Dkt. 24.

The defendants filed a motion to dismiss the underlying amended complaint, which was granted by Judge Vratil on April 24, 2010. Lickteig allegedly told plaintiff he had a good chance of winning on appeal and advised him to appeal, which he did, but the Tenth Circuit Court of Appeals affirmed the dismissal on April 2, 2014, and the U.S. Supreme Court denied a petition for certiorari.

Plaintiff alleges among other things that Lickteig "knew and was in possession of indisputable factual information to prove the KSBN and NCSBN were systematically discriminating against [plaintiff] … on a prospective and on-going basis," but he failed to include this in the complaint, which "caused or contributed to cause the Lawsuit to be dismissed." Dkt. 1 at 16. He also alleges that Lickteig "knew or should have known how to draft [plaintiff's] complaint … to assert claims that would have prevented" dismissal, including by stating the elements of a discrimination claim under the ADA; by alleging constitutional claims that would have precluded the defendants from successfully claiming Eleventh Amendment immunity; and by failing to allege various other facts or elements that would have prevented dismissal of the lawsuit.

**II. Standards Governing Rule 12(c) Motion.**

The court analyzes a motion for judgment on the pleadings under the same standards governing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Park Univ. Enters., Inc. v. Am. Casualty Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1106–07 (10th Cir. 2016), *cert. denied sub nom. Lockett v. Fallin*, 137 S. Ct. 2298 (2017)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the non-moving party. *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Moreover, "[t]he tenet that a court must accept as true all of the allegations contained a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**III. Discussion.**

Lickteig contends a Tenth Circuit case decided after the underlying amended complaint was filed unexpectedly precluded plaintiff's damage claims against the State of Kansas defendants. Dkt. 15 at 6 (citing *Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012)). He argues that "because any legal duty owed to Plaintiff must be based on reasonable foreseeability, the Plaintiff cannot prove an essential element of any of his three claims." Dkt. 15 at 6. Additionally, he argues any claim for prospective injunctive relief "was foiled by the Plaintiff's own statement" in response to a deposition question in which he said he did not intend to re-take the Kansas NCLEX-RN. As for the

6

underlying claims against the NCSBN, Lickteig argues that plaintiff fails to specify what should have been pleaded in the complaint to prevent the dismissal.

1. Claims arising from ADA damage claims against State defendants.

In the underlying appeal, the Tenth Circuit found the State of Kansas defendants were entitled to Eleventh Amendment sovereign immunity on plaintiff's claims seeking damages.[1] *Turner*, 561 F.App'x at 665 ("At issue here is whether Congress validly abrogated the states' sovereign immunity under Title II of the ADA with respect to claims involving professional licensing examinations. The district court concluded that it did not. We agree."). Plaintiff now argues the State defendants prevailed on this claim "because Mr. Lickteig did not allege sufficient facts or allege a violation of the Fourteen Amendment to support Mr. Turner's claims." Dkt. 18 at 15. Plaintiff contends Lickteig "was in possession of sufficient facts to allege a violation of the Fourteenth Amendment but he negligently failed to do so [thereby] preventing Mr. Turner from prevailing in the underlying litigation." *Id*.

Plaintiff's allegations are entirely conclusory. He does not say what facts Lickteig negligently left out of the complaint that would have stated a successful Fourteenth Amendment claim. A plausible claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 546. Insofar as plaintiff's brief identifies particular facts that defendant allegedly left

---

[1] This ruling applied to plaintiff's claims against the State of Kansas defendants in their official capacities. The district court also dismissed the claims against these defendants in their individual capacities, finding they were not "public entities" subject to liability under Title II. *See Turner v. Natl. Counsel of State Bds. Of Nursing, Inc.*, 2012 WL 1435295, *16 (D. Kan. Apr. 24, 2012). Plaintiff asserts no claims against Lickteig arising out of the latter ruling.

out of the underlying complaint (*see* Dkt. 18 at 4, 5, 6, 11-14), he makes no attempt to explain how these facts would have supported a valid claim under the Fourteenth Amendment. Plaintiff has thus failed to allege facts showing that Lickteig breached a duty to exercise ordinary skill or knowledge in pleading these claims or that such a failure resulted in actual loss or damage. *See Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911, *cert. denied*, 540 U.S. 1090 (2003) (cite omitted) (setting forth elements of legal malpractice claim under Kansas law). Defendant's motion to dismiss is granted with respect to claims that Lickteig is liable for failing to properly assert Title II ADA damage claims against the State of Kansas defendants.

2. <u>Claims arising from injunctive relief request against State defendants</u>. Plaintiff's complaint in the underlying suit asserted claims for unspecified injunctive relief against the State of Kansas defendants. As Judge Vratil and the Tenth Circuit noted in their respective opinions, there is an exception to Eleventh Amendment immunity for suits seeking to enjoin state officials from committing ongoing violations of federal law. *See Ex Parte Young*, 209 U.S. 123 (1908). But for the *Ex Parte Young* exception to apply, the relief sought in the complaint must be properly characterized as prospective. *Turner*, 561 F.App'x at 669 (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). The Tenth Circuit noted that plaintiff's underlying complaint "sought nothing more than unspecified 'declaratory and injunctive relief,'" and perhaps to remedy past violations (i.e., by seeking an appeal of the Kansas test results), but it did not ask for any specific relief that was truly prospective. *Id*.

Judge Vratil's opinion likewise noted that "plaintiff does not ask the Court to grant prospective relief, such as an order that defendants allow him to re-take the examination with reasonable accommodations." Case No. 11-cv-2059-KHV, Dkt. 63 at 27. She stated that plaintiff "does not seek to re-take the test examination," citing a representation by the State of Kansas defendants that Magistrate Judge O'Hara "asked plaintiff through his counsel to consider making a request for reexamination, … [and] in an email to Magistrate Judge O'Hara on August 12, 2011, plaintiff declined to do so." *Id*. at 28, n.25.[2]

The complaint in this case alleges that Lickteig "knew and was in possession of indisputable factual information to prove the KSBN and the NCSBN were systematically discriminating against Mr. Turner … on a prospective and on-going basis. Mr. Lickteig, however, failed to include this factual information in Mr. Turner's complaint … which caused or contributed to cause the Lawsuit to be dismissed." Dkt. 1 at 16. The complaint elsewhere alleges that Lickteig negligently failed "to allege [that] Plaintiff was seeking prospective relief" and failed "to follow Plaintiff's instructions in the Lawsuit." Dkt. 1 at 18-19.

In addition to the foregoing allegations in the complaint, plaintiff's response to the motion to dismiss adds that Lickteig "was not authorized to tell Magistrate O'Hara that Mr. Turner did not wish to retake the examination" and that plaintiff in fact was "seeking injunctive relief to prevent the boards from denying him reasonable

---

[2] The Tenth Circuit noted plaintiff "does not deny [on appeal] that his counsel's email statement accurately reflected his intention at the time," and it found that Judge Vratil could properly take judicial notice of counsel's representation. Even without the email, however, the Tenth Circuit found the *Ex Parte Young* exception did not apply because the complaint did not specify any prospective injunctive relief.

9

accommodations and prospective relief requiring the boards to provide him with an alternative, static examination." *Id*. at 17. The response brief further claims plaintiff "did not tell Mr. Lickteig that he did not want to retake the Kansas NCLEX-RN exam," but rather told him "that unless reasonable accommodations were made for him to retake the exam, he was doomed to fail." *Id*. at 24. Unlike most of plaintiff's assertions, these allegations are specific and, assuming they are true, could potentially support the claim that Lickteig negligently failed "to allege [that] Plaintiff was seeking prospective relief."

Defendant argues the court cannot consider the above factual assertions because they are not in the complaint. The general rule is that on a motion to dismiss, the court will only consider the facts in the complaint. *See Dobson v. Anderson*, 319 F. App'x 689, 701, 2008 WL 4787398 (10th Cir. 2008). But as Judge Crabtree noted in *Wanjiku v. Johnson Co.*, 173 F.Supp.3d 1217, 1235, n.8 (D. Kan. 2016), where the facts asserted in a response "merely amplify" the allegations in the complaint and "do not supplant or contradict them," the court may consider them, particularly where the plaintiff could likely add them under the liberal pleading standards of Rule 15(a). *See also Nicol v. Auburn-Washburn USD 437*, 231 F.Supp.2d 1092 (D. Kan. 2002). Regardless of whether plaintiff could ultimately prove these allegations, the court concludes that they can be considered in the instant motion, and that they tend to support a plausible claim that Lickteig negligently failed to allege facts and assert a claim for prospective injunctive

relief in connection with retaking the Kansas NCLEX-RN exam. Accordingly, the motion to dismiss is denied with respect to such a claim.³

3. <u>Claims arising from requests for injunctive relief against NCSBN</u>. In the underlying suit, Lickteig pleaded for injunctive relief based on allegations that NCSBN engaged in two forms of ADA discrimination. One was by not offering the exam in a format other than CAT, and the other was based on NCSBN's failure to provide an opportunity for plaintiff to appeal his Kansas test score. The former claim was ultimately dismissed for lack of standing and the latter was dismissed for failure to state a claim for relief under the ADA. The dismissal of both claims apparently sprang from the allegation that plaintiff failed the Kansas exam because his computer test shut down prematurely and not because of any reason related to his disability. *See Turner*, 561 F.App'x at 671.

Lickteig's motion to dismiss argues that plaintiff fails to specify what should have been done to prevent the dismissal and that plaintiff lacked standing to assert the ADA claims against NCSBN because he never requested any accommodation from that defendant. Dkt. 15 at 12. The complaint in the instant action does not allege that plaintiff requested any accommodation from the NCSBN.⁴ Plaintiff's response merely asserts that Lickteig was in possession of expert information "demonstrating a clear causal link

---

³Lickteig asserts that plaintiff's claim for injunctive relief was foiled by "Plaintiff's own statement to the Defendant" about whether he intended to retake the exam. Dkt. 15 at 7. Lickteig cites his own email informing the court that plaintiff decided not to retake the exam. But plaintiff claims he did not tell Lickteig he did not want to retake the exam, and on a motion to dismiss the court accepts the plaintiff's version of the facts as true.

⁴ Plaintiff alleges that in 2007 he requested accommodations from the Nebraska Board of Nursing, but the Nebraska Board denied his request and told him the NCSBN does not make any accommodations. Dkt. 1 at ¶ 18.

11

between the NCSBN's conduct and Mr. Turner's injuries but he negligently failed to allege" it in the complaint. Dkt. 18 at 18. Plaintiff does not address the argument that he never requested an accommodation from the NCSBN.

To prevail on a claim for legal malpractice in the handling of litigation, a plaintiff must establish the validity of the underlying claim by showing that it would have resulted in a favorable judgment in the underlying lawsuit had it not been for the attorney's error. *Canaan*, 276 Kan. at 120, 72 P.3d 911. The allegations in plaintiff's complaint fail to show that plaintiff could have prevailed on the ADA discrimination claims against the NCSBN. There is no allegation that plaintiff ever notified NCSBN of his disability or requested any reasonable accommodation from it. *See J.V. v. Albuquerque Pub. Schools*, 813 F.3d 1289, 1299 (10th Cir. 2016) (public entity must provide reasonable accommodation when it knows that the individual requires one, either because that need is obvious or because the individual requests an accommodation). The complaint alleges only that plaintiff made such a request of the State of Kansas defendants. Under these circumstances, plaintiff has failed to state a valid claim for relief insofar as he alleges that Lickteig caused the dismissal of his claims for injunctive relief against the NCSBN by leaving out expert information on defects in CAT testing. *See Iqbal*, 556 U.S. at 679 (where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief).

4. <u>Claim based on negligent misrepresentation</u>. Lickteig's motion to dismiss does not separately address plaintiff's negligent misrepresentation claim. Insofar as Lickteig

argues that all of the claims fail because plaintiff could not have prevailed in the underlying litigation after *Guttman*, as well as because plaintiff "indicated that he did not intend to attempt to retake the Kansas licensure exam," Dkt. 15 at 15, those arguments are unavailing for reasons previously indicated. Plaintiff alleges that he did not tell Lickteig he did not want to retake the Kansas exam and that Lickteig negligently failed to allege a claim against the individual Kansas defendants for prospective injunctive relief. Such a claim, if valid, would have been unaffected by *Guttman's* holding on Eleventh Amendment immunity. *See McCulley v. Univ. of Kansas School of Med.*, 2013 WL 1501994, *4 (D. Kan. Apr. 10, 2013) (noting that under *Guttman*, determination that Title II was not valid abrogation of Eleventh Amendment immunity was not dispositive of *Ex Parte Young* claim).

**IT IS THEREFORE ORDERED** this 6th day of September, 2017, that defendant's Motion for Judgment on the Pleadings (Dkt. 14) is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent that Counts I and II of the complaint are based on allegations that defendant failed in the underlying suit to properly allege ADA damage claims against the State of Kansas defendants and claims for injunctive relief against the NCSBN. The motion is denied in all other respects.

                              ___s/ J. Thomas Marten_____
                              J. THOMAS MARTEN, JUDGE